# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR, <br><br> Plaintiff, <br><br> v. <br><br> PERRY & ASSOCIATES ATTORNEYS AT LAW, et al., <br><br> Defendants. | Case No. 1:22-cv-00733-ADA-SKO <br><br> **FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM** <br><br> (Doc. 1) <br><br> **21-DAY DEADLINE** |

## I. INTRODUCTION

### A. Background

On June 16, 2022, Plaintiff Clifton Williams, Jr., ("Plaintiff"), a prisoner proceeding *pro se*, filed an action. (Doc. 1 ("Compl.").) On that same date, Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on June 22, 2022. (Docs. 2 & 3.) Plaintiff's complaint is now before the Court for screening. The undersigned finds that Plaintiff has not stated a cognizable claim and will recommend that this action be dismissed, without leave to amend, for failure to state a claim upon which relief may be granted.

### B. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is

untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### C. Summary of the Complaint

Plaintiff is currently housed at the Stanislaus County Re-Entry and Enhanced Alternative to Custody Training Center. (*See* Compl. at 6.) He brings suit against Perry & Associates Attorneys at Law, Willard Bakeman, and Christopher Rhee (collectively, "Defendants") for ineffective assistance of counsel in what appear to be ongoing criminal proceedings in state court. (*See id.* at 1–4.) Plaintiff alleges that Defendants have never visited him while he has been in custody since September 24, 2021, nor have they communicated with him about the progress of his case. (*Id.* at 1–2.) According to Plaintiff, Defendants "have done nothing in my case in the last 9 months but waive time." (*Id.* at 2.) Plaintiff further alleges that he was informed by the Stanislaus County Public Defender's Office that Defendants' contract with Stanislaus County "is up at the end of June 2022, [and] [Defendants] will no longer serve the County or court system as A.I.D. attorney[s]." (*Id.* at 5.)

Plaintiff alleges violations of the American Bar Association ("ABA") Standards for Criminal Justice and Model Rules of Professional Conduct, and his Sixth Amendment rights. (*See* Compl. at 1–2.) Plaintiff requests $100,000. (*See id.* at 4.)

### D. Pleading Requirements Under Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## II. DISCUSSION

### A. Plaintiff Fails to State a Cognizable Claim for Ineffective Assistance of Counsel

#### 1. Sixth Amendment

Plaintiff alleges a violation of his Sixth Amendment right to effective assistance of counsel, which the undersigned construes as a claim under 42 U.S.C. § 1983 ("Section 1983"). *See Hughes v. AT&T*, No. 3:19–CV–00179–SLG–DMS, 2020 WL 1269836, at *4 (D. Alaska Feb. 27, 2020), *report and recommendation adopted*, No. 3:19–CV–179–SLG–DMS, 2020 WL 1249872 (D. Alaska Mar. 16, 2020) (noting that Section 1983 "provides a mechanism for remedying violations of pre-existing constitutional or federal rights") (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)). The undersigned finds that Plaintiff's Sixth Amendment claim fails for several reasons.

First, a Section 1983 claim for violation of the Sixth Amendment right to effective assistance of counsel is not properly brought where the plaintiff has not shown that his conviction has been invalidated. *Trimble v. City of Santa Rose,* 49 F.3d 583, 585 (9th Cir. 2004) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1944)).[1] Here, Plaintiff has not made the requisite showing, as his criminal proceedings appear to be ongoing, as evidenced by his alleged disputes with Defendants regarding how to best proceed with his case. (*See* Compl. at 2–3.) Plaintiff may not seek damages—$100,000 requested in this case (*see* Compl. at 4)—under Section 1983 unless his conviction or sentence has been declared invalid by a state court or a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486–87; *Milewski v. Kohn*, No. 3:19–CV–00095–MMD–WGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).

Second, to state a Section 1983 claim, the plaintiff must plead that the defendant(s) acted "under color of state law" and "deprived the plaintiff of rights secured by the Constitution." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Defendants, who appear to be Plaintiff's appointed counsel in his state criminal case (*see* Compl. at 1–3, 5), are not state actors when acting in their role as an advocate. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 318, n.9 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983," regardless of "whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program") (citation omitted).

---

[1] In *Heck*, the Supreme Court held that a state prisoner cannot recover damages in a Section 1983 suit if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 486-87

4

Thus, Plaintiff may not bring a Section 1983 claim against Defendants based on their representation of Plaintiff in his state criminal case.

Finally, to the extent Plaintiff is attempting to challenge the ongoing state criminal proceedings, any such claim is barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18–cv–0054–MCE–EFB, 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). "Further, the *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Id.* (citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986)).

**2.     ABA Standards and Model Rules**

Plaintiff alleges that Defendants violated both the ABA Standards for Criminal Justice and Model Rules of Professional Conduct. (*See* Compl. at 1–2.) The ethical rules prescribed by the ABA do not provide individuals with a cause of action. *See Hueter v. Kruse*, 576 F. Supp. 3d 743, 775 (D. Haw. 2021). *See also* American Bar Association, Model Rules of Professional Conduct: Preamble and Scope ("Violation of a Rule should not itself give rise to a cause of action . . . nor should it create any presumption in such a case that a legal duty has been breached.") Accordingly, Plaintiff cannot state a claim against Defendants for allegedly violating the ABA Standards for Criminal Justice and Model Rules of Professional Conduct.

**B.     Leave to Amend Would Be Futile**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). If, however, it is clear after careful consideration that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); *accord Lopez*, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Here, it is clear from the face of the complaint that Plaintiff's claims for ineffective assistance of counsel are not cognizable given that Plaintiff may not assert a Section 1983 claim against Defendants for their representation of Plaintiff in his state criminal action. To the extent Plaintiff is seeking to have a criminal conviction set aside, a petition for habeas corpus is his sole judicial remedy when "attacking the validity of the fact or length of . . . confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) (en banc) ( noting that the Supreme Court has held "that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas and that such claims may not be brought under § 1983"). Thus, the undersigned recommends denying leave to amend because amendment would be futile.

### III.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a claim, without leave to amend.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendations**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 1, 2022**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE